NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**CISCO SYSTEMS, INC.,**
*Plaintiff-Appellee*

**v.**

**UNILOC 2017 LLC,**
*Defendant-Appellant*

---

2019-2048

---

Appeal from the United States District Court for the Northern District of California in No. 3:18-cv-04991-SI, Senior Judge Susan Y. Illston.

---

Decided: May 13, 2020

---

DAVID P. ENZMINGER, Winston & Strawn LLP, Los Angeles, CA, for plaintiff-appellee. Also represented by MATTHEW R. MCCULLOUGH, KATHERINE VIDAL, Menlo Park, CA; KRISHNAN PADMANABHAN, New York, NY.

MARC BELLOLI, Feinberg Day Kramer Alberti Lim Tonkovich & Belloli LLP, Burlingame, CA, for defendant-appellant. Also represented by MARGARET ELIZABETH DAY, Menlo Park, CA.

---

Before MOORE, O'MALLEY, and TARANTO, *Circuit Judges*.

MOORE, *Circuit Judge*.

Uniloc 2017 LLC appeals from the Northern District of California's Rule 12(c) dismissal holding claim 6 of U.S. Patent No. 6,980,522 ineligible under 35 U.S.C. § 101. Because claim 6 is directed to an abstract idea and fails to recite an inventive concept that would otherwise render the claim eligible, we *affirm*.

BACKGROUND

Cisco Systems, Inc. sued Uniloc USA, Inc., Uniloc 2017, and Uniloc Licensing USA LLC seeking a declaration of noninfringement of the '522 patent. After Cisco filed a first amended complaint, all three Uniloc entities answered, and Uniloc 2017 and Uniloc Licensing counterclaimed for infringement of claim 6 of the '522 patent. Uniloc 2017 (Uniloc) alone filed a supplemental counterclaim for infringement of claim 6, which Cisco answered denying infringement.

The '522 patent relates to a radio communication system comprising a plurality of stations capable of forming an ad-hoc network. '522 patent at 1:3–6. Each station within the network is capable of acting as either a master or a slave. The specification explains that one aspect of the invention is a method of operating the system which includes ranking each of the stations based on its suitability to act as a master "and arranging for the role of master to be taken by the station having the highest rank." *Id.* at 1:59–2:3. Claim 6 covers that embodiment:

> 6. A method of operating an ad-hoc radio communication system having a plurality of stations formed into at least one network, the method comprising the step of:

> determining a master/slave rank of each station in the network representative of the station's suitability for acting as master in the network using antenna performance characteristics of each station in view of the antenna's local environment; and enabling a station with the highest rank to be master.

Cisco moved for judgment on the pleadings under Rule 12(c) arguing that claim 6 of the '522 patent is ineligible under § 101. The district court held claim 6 was directed to the abstract idea of "ranking stations based on antenna performance characteristics and selecting the station with the highest rank to act as master in a network." J.A. 8. The district court then found that claim 6 lacked an inventive concept as "neither the claim nor the specification provides for implementation of the abstract idea using anything other than existing, conventional technology." J.A. 19. Accordingly, the district court held claim 6 ineligible under § 101 and granted Cisco's motion, dismissing Uniloc's counterclaim. Uniloc appeals. We have jurisdiction under 28 U.S.C. § 1295(a)(1).

## DISCUSSION

We review a Rule 12(c) dismissal under the law of the regional circuit, here the Ninth Circuit. *OIP Techs., Inc. v. Amazon.com, Inc.*, 788 F.3d 1359, 1362 (Fed. Cir. 2015). The Ninth Circuit reviews Rule 12(c) judgments de novo, and construes all allegations of material fact in the light most favorable to the nonmoving party. *Lyon v. Chase Bank USA, N.A.*, 656 F.3d 877, 883 (9th Cir. 2011); *Turner v. Cook*, 362 F.3d 1219, 1225 (9th Cir. 2004). Patent eligibility under 35 U.S.C. § 101 is a question of law, based on underlying factual findings. *SAP Am., Inc. v. InvestPic, LLC*, 898 F.3d 1161, 1166 (Fed. Cir. 2018). It may be resolved on a motion to dismiss "when there are no factual allegations that, taken as true, prevent resolving the eligibility as a matter of law." *Aatrix Software, Inc. v. Green*

*Shades Software, Inc.*, 882 F.3d 1121, 1125 (Fed. Cir. 2018).

Section 101 provides that "[w]hoever invents or discovers any new and useful process, machine, manufacture, or composition of matter, or any new and useful improvement thereof," may obtain a patent. 35 U.S.C. § 101. "Laws of nature, natural phenomena, and abstract ideas are not patentable." *Alice Corp. v. CLS Bank Int'l*, 573 U.S. 208, 216 (2014) (quoting *Assoc. for Molecular Pathology v. Myriad Genetics, Inc.*, 569 U.S. 576, 589 (2013)). Under the Supreme Court's two-step framework for determining patent eligibility under § 101, we first determine whether the claims are directed to a "patent-ineligible concept," such as an abstract idea. *Id.* at 217. If so, we "consider the elements of each claim both individually and 'as an ordered combination' to determine whether the additional elements 'transform the nature of the claim' into a patent-eligible application." *Id.* (quoting *Mayo Collaborative Servs. v. Prometheus Labs., Inc.*, 566 U.S. 66, 78–79 (2012)).

## I. *Alice* Step One

We first determine whether the claims as a whole are directed to an abstract idea. *Alice*, 573 U.S. at 217. The district court held that the claims were directed to the abstract idea of "ranking stations based on antenna performance characteristics and selecting the station with the highest rank to act as master in a network." J.A. 8. We agree. The claims are directed to the abstract idea of selecting the highest ranked station. The general recitation of the familiar concepts of ranking and selecting leaves the claimed method "untethered to any specific or concrete way of implementing it." *Affinity Labs of Texas, LLC v. DIRECTV, LLC*, 838 F.3d 1253, 1258 (Fed. Cir. 2016).

Uniloc argues that the claimed method is not directed to an abstract idea, but instead to an improvement in the computer or network functionality. "We have routinely

held software claims patent eligible under *Alice* step one when they are directed to improvements to the functionality of a computer or network platform itself." *Uniloc USA Inc. v. LG Elecs. USA, Inc.*, 2020 WL 2071951, at \*3, --- F.3d --- (Fed. Cir. 2020). Whether a claimed software innovation is directed to an abstract idea "often turns on whether the claims focus on specific asserted improvements in computer capabilities or instead on a process or system that qualifies an abstract idea for which computers are invoked merely as a tool." *Id.* (citing *Customedia Techs., LLC v. DISH Network Corp.*, 951 F.3d 1359, 1364 (Fed. Cir. 2020); *Finjan, Inc. v. Blue Coat Systems, Inc.*, 879 F.3d 1299, 1303 (Fed. Cir. 2018)). Here there are no specific asserted improvements. Claim 6 is directed to the abstract idea of selecting the master based on antenna performance.

Uniloc argues the claim here is like others this court has held eligible. We do not agree. In *Finjan, Inc. v. Blue Coat Systems, Inc.*, we held that claims to a "behavior-based virus scan" provided greater computer security and were thus directed to a patent-eligible improvement in computer functionality. 879 F.3d at 1304–06. There, the claims required a "security profile that identifies suspicious code," which required that the security profile "include the information about *potentially* hostile operations produced by a 'behavior-based' virus scan." *Id.* at 1303–04 (emphasis in original). We held the claimed security profile constituted an improvement over the functionality of the traditional "code-matching" systems, which only looked for the existence of known viruses. *Id.* at 1304. The claims required a specific implementation of software that improved the computer's functionality, and were therefore not directed to an abstract idea.

Similarly in *SRI International, Inc. v. Cisco Systems, Inc.*, we held the claims were directed to a specific improvement in computer functionality—"providing a network defense system that monitors network traffic in real-time to

automatically detect large-scale attacks." 930 F.3d 1295, 1303 (2019). The claims specifically required use of "network monitors in the enterprise network" to detect suspicious activity, generate reports of the activity, and automatically receive and integrate those reports. *Id.* at 1301. "[T]he representative claim improve[d] the technical functioning of the computer and computer networks by reciting a specific technique for improving computer network security," and was not directed to an abstract idea. *Id.* at 1304. In *Data Engine Techs. LLC v. Google LLC*, we held patent eligible claims which recited a "specific method for navigating through three-dimensional electronic spreadsheets" thereby improving the computer's functionality. 906 F.3d 999, 1007–08 (Fed. Cir. 2018). And in *Thales Visionix Inc. v. United States*, we held the claims were not directed to an abstract idea because they "specif[ied] a particular configuration of inertial sensors and a particular method of using the raw data from the sensors in order to more accurately calculate the position and orientation of an object on a moving platform." 850 F.3d 1343, 1349 (2017). Unlike the claims in these cases, claim 6 of the '522 patent broadly claims solving the problem of master stations potentially having inefficient antennas by choosing the station with the best antenna. The claim does not specify any particular metric or method for ranking. The entirety of the claim is simply the abstract idea and nothing more. Thus, the claims are directed to the abstract idea of ranking stations using their antenna performance and choosing the best station as the master.

Uniloc further argues that its counterclaim should not have been dismissed because it "presented 'specific, plausible factual allegations' about why the invention of the '522 patent was not conventional." Appellant's Br. at 29. It argues that its method "involves dynamically analyzing relative rankings of antenna performance characteristics based on environmental variables" and "effectuat[ing] a hand-off of the master station in order to increase network

efficiency." *Id.* at 31–32. But claim 6 does not include any limitation relating to "dynamically analyzing" or "effectuating a hand-off."

Uniloc argues factual allegations in the complaint should have precluded granting a motion to dismiss. We do not agree. The district court correctly recognized that Uniloc's purported factual allegations were conclusory statements regarding eligibility. J.A. 5. Uniloc's counterclaim made only general allegations, such as, "the patent's disclosure and claims are drawn to solving a specific, technical problem arising from the evolution of ad-hoc radio communication systems" or that "the inventions of the '522 patent were not well-understood, routine or conventional at the time of the invention." These are not factual allegations; they are sweeping conclusory statements and the district court properly concluded that they did not preclude dismissal. *See In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008).

## II. *Alice* Step Two

At *Alice* step two, we "consider the elements of each claim both individually and 'as an ordered combination' to determine whether the additional elements 'transform the nature of the claim' into a patent-eligible application." *Alice*, 573 U.S. at 218 (quoting *Mayo*, 566 U.S. at 78–79). Step two "looks more precisely at what the claim elements add" to determine if "they identify an inventive concept in the application of the ineligible matter to which . . . the claim is directed." *SAP*, 898 F.3d at 1167.

The district court held that the additional claimed features were well-understood, routine and conventional, and did not provide an inventive concept that would render the claim patent eligible. J.A. 20. We agree. First, as the district court recognized, "neither the claim nor the specification provides for implementation of the abstract idea using anything other than existing, conventional technology." J.A. 19. Uniloc does not dispute the district court's finding.

It admits that "the '522 patent [uses] known computer hardware and . . . wireless protocols (like Bluetooth)," but argues that its claimed method uses them "in a new and improved way." Appellant's Br. at 34. That is the only inventive concept it alleges—"forming an ad-hoc network that enables the station in the piconet with the highest rank based on antenna performance characteristics to act as master." *Id.* at 34–35. Uniloc's only alleged inventive concept is coincident with the abstract idea itself. Thus, there are not "additional elements," which "'transform the nature of the claim' into a patent-eligible application." *Alice*, 573 U.S. at 218 (quoting *Mayo*, 566 U.S. at 78–79).

## CONCLUSION

We have considered Uniloc's remaining arguments and find them unpersuasive. For the foregoing reasons, we conclude that claim 6 of the '522 patent is directed to patent-ineligible subject matter under § 101 and therefore affirm.

**AFFIRMED**